**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRINA L. TAYLOR,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>               Defendant. | Case No. 07-CV-208-FHM |

## ORDER

Plaintiff, Trina L. Taylor, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1]  Plaintiff's March 5, 2004, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held March 14, 2006.  By decision dated August 18, 2006, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council affirmed the findings of the ALJ on February 16, 2007.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 31 years old at the time of the hearing. She has a tenth grade education and formerly worked as fast food worker, a line worker, a cashier/clerk, a habilitation training specialist, and massage therapist. She claims to have been unable to work since December 31, 2002, as a result of bipolar disorder, depression, anxiety, attention deficit/hyperactivity disorder, and substance abuse. The ALJ determined that Plaintiff's only limitations were mental. He found Plaintiff has the residual functional capacity to lift and/or carry 50 pounds, but is limited to performing simple, repetitive and routine tasks and is further limited in her ability to be in contact with the general public, co-workers and supervisors. [Dkt. 18]. Based on the testimony of a vocational expert the ALJ found that Plaintiff's limitations did not preclude performance of her past relevant work as a line worker. [Dkt. 22]. The ALJ also determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled, with an alternative step-five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to consider Plaintiff's personality

2

disorder at step 2; failed to perform the specialized review technique required by 20 C.F.R. §§ 404.1520a, 416.920a; failed to perform a proper credibility determination; and failed to fully develop the record.  The Court finds that case must be REVERSED and REMANDED for further proceedings.   The ALJ failed to perform the analysis required by 20 C.F.R. §§ 404.1520a and 416.920a.  Since the ALJ will have to reconsider Plaintiff's claim in light of that analysis on remand, the Court will not address Plaintiff's remaining allegations of error.

The regulations require the Commissioner to follow the special technique outlined in 20 C.F.R. §§ 404.1520a and 416.920a for the evaluation of mental impairments.  The regulations state that use of the technique helps the consideration and evaluation of the functional consequences of mental disorders relevant to the ability to work.  20 C.F.R. §§ 404.1520a(a)(2), 416.920a(a)(2).  After it is determined that a medically determinable mental impairment exists, the ALJ is then required to rate the degree of functional limitation resulting from the impairment in the same four broad functional areas which are also contained in the Listing of Impairments:[2] (1) activities of daily living; (2) social functioning; (3) concentration, persistence and pace; and (4) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4).  The use of the technique must be documented in the ALJ's decision which must "include a specific finding as to the degree of limitation in each of the four functional areas." §§ 404.1520a(e)(2); 416.920a(e)(2).  The failure to perform the technique is reversible error as it deprives the Court of the means to assess whether relevant evidence adequately supports the ALJ's conclusion.  See Clifton v. Chater, 79 F.3d

---

[2] The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity.  20 C.F.R. Pt. 404, Subpt. P, App.1.  At step three of the sequential analysis, the ALJ is required to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three.  Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).

at 1007, 1009 (10th Cir.1996)("[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v.* Chater, 68 F.3d 387, 391 (10th Cir. 1995)(holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]");Cruse *v. United States Dept. of Health and Human Servs.*, 49 F.3d 614, 618 (10th Cir. 1995) (It is not sufficient only to generally discuss evidence of a metal impairment, the ALJ is required to relate the evidence to the conclusions).

The Court rejects the Commissioner's assertion that the ALJ's failure to perform the regulatory analytical technique was "harmless error because the ALJ found that Plaintiff had several severe mental impairments, and then proceeded to steps three through five of the sequential evaluation process." [Dkt. 21.p. 4].  The ALJ only identified the relevant Listings, he did not discuss them.  Therefore it cannot be said that the ALJ's step three analysis rendered the failure to follow the regulatory technique harmless.

The regulations require the ALJ's decision to show:

> the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision <u>must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.</u>[3]

---

[3] (1) activities of daily living; (2) social functioning; (3) concentration, persistence and pace; and (4) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4).

[emphasis supplied]. The ALJ's decision does not contain the required findings. This is an especially egregious error because Plaintiff's only impairments are mental.

The Court declines to accept the Commissioner's invitation to pick through the medical evidence to determine whether medical reports support the ALJ's decision. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

The ALJ's failure to document the application of the analytical technique in the decision as required by the regulations, 20 C.F.R. § 404.1520a, 416.920a requires that the ALJ's decision be REVERSED and the case REMANDED for further proceedings.

SO ORDERED this 28th day of April, 2008.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5